UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

KAR-SEM RASHAWN ALLEN,

                    Plaintiff,

    -against-                                            9:14-CV-0012 (LEK/ATB)

D. KARANDY; *et al.*,

                    Defendants.

## **DECISION and ORDER**

**I.    INTRODUCTION**

In this civil rights action, *pro se* Plaintiff Kar-Sem Rashawn Allen ("Plaintiff") alleges that various employees of Great Meadow Correctional Facility ("Great Meadow C.F.") denied him adequate medical care in violation of his rights under the Eighth Amendment to the U.S. Constitution. See generally Dkt. No. 1 ("Complaint"). Presently before the Court is Plaintiff's Motion for preliminary injunctive relief. Dkt. No. 18 ("Motion"). For the following reasons, Plaintiff's Motion is denied.

**II.    DISCUSSION**

Plaintiff seeks an order restraining Defendants from retaliating against him by delaying or denying medical care, and from interfering with his prescribed course of medical treatment. Mot. at 1-2. Plaintiff also seeks an order directing his transfer out of Great Meadow C.F. "for his safety and well being" because he fears that Defendants "plan[ ] to cause him physical harm, along with emotional harm." Id. at 2. In support of his Motion, Plaintiff alleges that, when he filed this Motion, he had been without pain medication for over a month; he had a "flat order permit" issued to him on April 11, 2014, which is being ignored by medical and security staff; in retaliation for

filing this lawsuit, correctional officers have searched his cell twice within thirty days in violation of state rules and regulations; and he has not been placed in a handicapped cell. Id. at 1-2.

Preliminary injunctive relief "'is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" Moore v. Consol. Edison Co. of N.Y., Inc., 409 F.3d 506, 510 (2d Cir. 2005) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). To prevail on a motion for preliminary injunctive relief, a plaintiff must demonstrate irreparable harm and either a substantial likelihood of success on the merits of the claim, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 598 F.3d 30, 35 (2d Cir. 2010); Cacchillo v. Insmed, Inc., 638 F.3d 401, 405-06 (2d Cir. 2011). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. Id.; see Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996). Thus, a mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." Citigroup Global Mkts., 598 F.3d at 35 n.4 (internal quotation marks omitted).

Plaintiff has not met the standard required for issuance of preliminary injunctive relief. Plaintiff has submitted only an affidavit asserting that he is not receiving proper medical care and voicing his fear that he will be harmed if he remains at Great Meadow C.F. See Mot. Plaintiff's allegations, standing alone, are not sufficient to entitle him to preliminary injunctive relief. See Ivy Mar Co. v. C.R. Seasons Ltd., 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); Hancock v. Essential Res.,

Inc., 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Insofar as Plaintiff seeks transfer to another correctional facility, there is no basis in the present record upon which to grant Plaintiff's request. Plaintiff's desire to be confined in a different correctional facility is not sufficient to warrant transfer. Indeed, it is the New York State Department of Corrections and Community Supervision ("DOCCS"), and not the Court, that determines where Plaintiff will be housed during his period of incarceration. See Meachum v. Fano, 427 U.S. 215, 229 (1976) ("The federal courts do not sit to supervise state prisons, the administration of which is [of] acute interest to the States" (citations omitted)); Olim v. Wakinekona, 461 U.S. 238, 248-49 (1983) (stating that inmates have no right to be confined in a particular state or particular prison within a given state); Montayne v. Haymes, 427 U.S. 236, 243 (1976) (holding that New York state prisoners have no right to incarceration at a particular prison facility). It is well established that DOCCS has "broad leeway in deciding where to house the inmates under its protective care, be it state or county jail." McFadden v. Solfaro, Nos. 95 Civ. 1148, 95 Civ. 3790, 1998 WL 199923, at *10 (S.D.N.Y. Apr. 23, 1998).

Finally, to the extent that Plaintiff seeks injunctive relief against unnamed medical and security staff who are not parties to this action, see Dkt. No. 18 at 2, the Court lacks subject matter jurisdiction to enjoin the actions of non-parties, see Stewart v. United States I.N.S., 762 F.2d 193, 198-99 (2d Cir. 1985) (stating that preliminary injunctive relief may be obtained "[o]nly after an action has been commenced"); Williams v. State Univ. of N.Y., 635 F. Supp. 1243, 1246 (E.D.N.Y. 1986) ("[P]rior to the filing of a complaint a court lacks subject matter jurisdiction and is powerless to grant preliminary injunctive relief.").

Plaintiff has failed to submit evidence establishing a likelihood of success on the merits, or showing any particular hardship necessitating immediate action by the Court.  See Moore, 409 F.3d at 510.  Plaintiff's Motion is therefore denied.

### III. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 18) for preliminary injunctive relief is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

DATED:     July 28, 2014
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge