# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

---

KAR-SEM RASHAWN ALLEN,

          Plaintiff,

vs.                   9:14-CV-12
                       (LEK/ATB)
D. KARANDY, et al.,

         Defendants.

---

KAR-SEM RASHAWN ALLEN
Plaintiff pro se
CHRISTOPHER W. HALL, Asst. Attorney General
Attorney for Defendants

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, Senior United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

In this civil rights complaint, plaintiff alleges that defendants denied him constitutionally adequate medical care. (Compl.) (Dkt. No. 1). Plaintiff seeks substantial monetary relief. (Compl. at 9). Presently before the court is defendants' motion to dismiss for lack of prosecution and for discovery sanctions pursuant to Fed. R. Civ. P. 37, 41(b) and Local Rule 41.2. (Dkt. No. 37). Also pending before the court is a prior motion requesting sanctions from plaintiff for his failure to attend his deposition. (Dkt. No. 31). Plaintiff has failed to respond to the motion to dismiss for lack of prosecution or to ask for an extension of time to respond. For the following reasons, this court agrees with defendants and will recommend dismissal of this action.

# DISCUSSION

I. **Procedural Background**

Plaintiff filed this action on January 6, 2014. (Dkt. No. 1). After an initial problem with plaintiff's application for in forma pauperis ("IFP") status, the complaint was ultimately served on defendants, who filed an answer on May 5, 2014. (Dkt. No. 15). This court issued its Mandatory Pretrial Discovery and Scheduling Order ("MPO") on the same day. (Dkt. No. 16). The MPO set the deadlines for, inter alia, amendment of pleadings, discovery, and dispositive motions. (*Id.* at 5-6) The MPO is very clear regarding the type of discovery that is required to be produced by both parties based on the claims in the action. (*Id.* at 7-8; Attachment A). The MPO also contains an order, granting leave to take plaintiff's deposition. (*Id.* at 4-5).

On May 14, 2014, plaintiff filed a motion for preliminary injunction, and on June 30, 2014, plaintiff filed a motion to compel discovery because defense counsel allegedly failed to produce certain documents requested by plaintiff.[1] (Dkt. No. 22). The court denied plaintiff's motion to compel without prejudice as premature. (Dkt. No. 23). On July 28, 2014, Senior Judge Kahn denied plaintiff's motion for preliminary injunction. (Dkt. No. 24). Discovery then proceeded, as evidenced by defendants' request for an extension of time to respond to plaintiff's interrogatories and requests to admit. (Dkt. No. 26).

On September 22, 2014, plaintiff filed a change of address. (Dkt. No. 29). Based upon the address provided by plaintiff, it appeared that he had been released from

---

[1] The court had previously stricken a "discovery motion" filed by plaintiff as premature. (Dkt. No. 19). Plaintiff's motion to compel was filed on May 14, 2014, the same day as the motion for preliminary injunction.

incarceration, and the court confirmed a release date of September 23, 2014. On October 9, 2014, defendants filed a status report, indicating that the MPO disclosures had been made. (Dkt. No. 30). On October 31, 2014, defendants filed their motion for discovery sanctions, based upon plaintiff's failure to attend his deposition which had been noticed by defense counsel for October 30, 2014. (Dkt. No. 31). In that letter-motion, defense counsel stated that he mailed the notice of deposition on October 9, 2014, but plaintiff failed to respond. (Dkt. No. 31 at 2). Defense counsel requested that the court impose a sanction, but did not request dismissal. Counsel asked for (1) cost of the court reporter and a stay of the case until the cost was paid; and (2) an order directing plaintiff to appear at the next-scheduled deposition. (*Id.*)

Rather than decide defendants' motion on the papers, the court issued a Text Notice, scheduling a telephone conference to discuss the defendants' motion. (TEXT NOTICE of Nov. 3, 2014). The court scheduled the conference for November 19, 2014 and gave plaintiff until November 13, 2014 to file a response to the defendants' October 31, 2014 letter-motion. (*Id.*) The court's notice was not returned to sender. However, plaintiff did not respond to the notice and did not appear by telephone to participate in the November 19, 2014 telephone conference.

Defense counsel participated in the telephone conference with the court. Following the conference, I issued a TEXT ORDER, explaining the court's procedure and specifically mentioned that notice of the November 19th conference was mailed plaintiff. (Dkt. No. 32). The TEXT ORDER stated that defense counsel told the court "on the record," that counsel had not received any communication from plaintiff, even though counsel mailed "various items" to plaintiff, including the deposition notice. (*Id.*)

In the court's TEXT ORDER, plaintiff was also directed to confirm his current

3

contact information with the court, in writing, by December 19, 2014. (*Id.*) The court very clearly stated that plaintiff's failure to confirm his contact information and his failure to participate in the prosecution of the action could result in sanctions, "INCLUDING THE POSSIBLE DISMISSAL OF PLAINTIFF'S ACTION." (*Id.*) This TEXT ORDER was returned to the court as "Undeliverable" on December 22, 2014. (Dkt. No. 33). On December 31, 2014, defense counsel was given authority to file this motion for dismissal based upon plaintiff's conduct. Defendants' motion to dismiss was filed on February 20, 2015. (Dkt. No. 37). Plaintiff's response was due on March 9, 2015. Plaintiff has failed to respond to defendants' motion.

## II. Motion to Dismiss

### A. Legal Standards

#### 1. Failure to Prosecute

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)). Moreover, notwithstanding the leniency with which *pro se* plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 84 F.3d 532, 538 (2d Cir. 1996)(pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives) (dissenting opinion).

"The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***." *Dumpson v. Goord*, 00-CV-6039, 2004 WL 1638183, at *3 (W.D.N.Y. July 22, 2004)

4

(emphasis added). Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that, generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

   2. **Discovery Sanctions**

In addition to a dismissal under Rule 41, Rule 37(d) of the Federal Rules of Civil Procedure provides that if an individual fails to appear at his own deposition after having received proper notice, the court may take various steps to sanction the disobedient party. FED. R. CIV. P. 37(d)(1)(A)(i). Section 37(d) cross references Rule 37(b)(2)(A)(v) which also authorizes the court to dismiss an action for failure to comply with a discovery order. The imposition of sanctions under Rule 37 is within the discretion of the district court, and the sanction of dismissal is a harsh remedy to be used "only in extreme situations." *Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990), *cert. denied*, 499 U.S. 943 (1991). In order to impose such a severe sanction, the court must find willfulness, bad faith, or fault on the individual

from whom discovery is sought. *Id.* The party in question, particularly a *pro se* litigant, must have had prior notice that violation of the court's order would result in dismissal with prejudice. *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995).

**B.     Application**

Plaintiff has failed to abide by at least two court orders to participate in his deposition in addition to ignoring defense counsel's notice of deposition. The MPO specifically provides for plaintiff's deposition, and this court's text order of November 19, 2014, specifically informed plaintiff that the failure to participate in the prosecution of this case, including the failure to attend his deposition could result in dismissal. Plaintiff is also well-aware of his obligation to update his address with the court and with defense counsel because he did file a "change of address" when he was released from incarceration.[2] (Dkt. No. 29). However, when the court sent its latest order to plaintiff by certified mail, the order was returned by the Post Office, marked: "Return to Sender[,] Unclaimed[,] Unable to Forward." (Dkt. No. 33 at 1).

Plaintiff has clearly abandoned this action, and the action may not proceed without plaintiff's participation. Prior to plaintiff's release from incarceration, he participated in this action. He filed motions and communicated with the court. Thus, his failure to do so after his release shows willful behavior by the plaintiff. Without an updated address, neither the court, nor defense counsel will be able to communicate with the plaintiff, even to determine whether he is still interested in proceeding with the action. The delay would clearly be indefinite, and the defendants would be seriously

---

[2] The filing order issued in this action also contains a specific order, directing plaintiff to notify the court and defense counsel "in writing" of any change of address, and that "his failure to do so may result in the dismissal of this action." (Dkt. No. 8 at 5).

prejudiced by the passage of time. There is no indication that plaintiff would ever decide to communicate with the court, and notwithstanding his pro se status, the case cannot proceed in view of plaintiff's failure to communicate with the court and defense counsel. The court has considered lesser sanctions, but under the circumstances, the court has no alternative but to recommend dismissal for failure to prosecute, including failure to provide updated contact information, and as a discovery sanction for failure to attend his deposition on a properly noticed date.

**WHEREFORE,** based on the findings above, it is

**ORDERED**, that defendants' motion for sanctions (Dkt. No. 31) is **DENIED AS MOOT**, and it is

**RECOMMENDED**, that defendant's motion to dismiss for failure to prosecute and as a discovery sanction (Dkt. No. 37) be **GRANTED**, and that the complaint be **DISMISSED IN ITS ENTIRETY WITH PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: March 10, 2015

Hon. Andrew T. Baxter
U.S. Magistrate Judge